UNITED PORTO RICAN SUGAR CO. OF PORTO RICO, Plaintiff and Appellee, *v.* HEIRS OF PEDRO SÁNCHEZ, Defendants and Appellants.

No. 5909. Argued January 25, 1932.—Decided January 28, 1932.

*L. Llorens Torres* for appellants. *González Fagundo & González Jr.* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The appellee has asked us to dismiss this appeal. It appears from a certificate of the clerk of the lower court presented to us that, after an appeal was taken on July 15,

---

* NOTE. By an order of February 8, 1932, this decision was set aside and a rehearing ordered for such time as the Court should be constituted by its five Justices.

1931, from a judgment against the defendants, the latter elected the method of the preparation of a transcript of the evidence by the stenographer for perfecting their appeal, and the district court entered an order accordingly on July 24, 1931; that on the 11th of the following August an extension of thirty days for preparing such transcript was granted; that on September 11 a similar extension was allowed, to expire on the 12th of October, and that no further extensions have been granted. The said certificate was dated January 9, 1932.

It appears from another certificate issued by the same clerk on January 25 of the present year and submitted to us by the appellants, that on October 10, 1931, two days before the expiration of the thirty days' extension granted on the 11th of the previous September the stenographer applied for a new extension, and, subsequently, but before any action had been taken upon his application, he amended the same so as to provide for an extension expiring on February 10, 1932, which was granted him by the lower court on the 25th of the instant January.

The stenographer having filed his application for a new extension before the expiration of the one previously allowed him, and the court having subsequently decided to grant the said extension to February 10 of the current year, thereby making it effective from the date of the expiration of the previous extension (*Campos* v. *District Court,* 35 P.R.R. 569), said stenographer can still file his transcript of the evidence in time. Therefore, a dismissal of the appeal does not lie and the motion to dismiss must be denied.